UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.

JOSEPH JENKINS,

            Defendant.
_____

**DECISION AND ORDER**

14-CR-0088 EAW

# BACKGROUND

Defendant Joseph Jenkins ("Defendant") is charged in a single-count indictment with perjury in violation of 18 U.S.C. § 1621(2). (Dkt. 2). The matter arises from a Criminal Justice Act Form 23, Financial Affidavit ("CJA 23 Form") allegedly completed by Defendant in connection with a separate criminal proceeding.

*The Separate Criminal Proceeding*

On September 12, 2011, the Honorable Andrew T. Baxter, United States Magistrate Judge for the Northern District of New York, signed an arrest warrant in connection with a criminal complaint charging Defendant with one count of transporting child pornography, and one count of possessing child pornography. (Dkt. 16 at 1). On October 4, 2011, Defendant was arrested and brought before Magistrate Judge Baxter for an initial appearance on the criminal complaint. (*Id.*). At that time, Defendant allegedly completed a CJA 23 Form in support of his request for assigned counsel. (Dkt. 15-2). On that form, Defendant allegedly certified under penalty of perjury that the information he provided was true and correct. (*Id.*). Defendant allegedly claimed to be self-

employed making $25,000 per year, with no other income sources. (*Id.*). Defendant also allegedly indicated that he had $10,000 in a checking account and that his only property asset was a 2003 Dodge Ram valued at $8,000. (*Id.*).

Magistrate Judge Baxter determined that Defendant was eligible for assigned counsel. (*Id.*). On December 21, 2011, a federal grand jury indicted Defendant on the pornography charges. (*Id.*). Defendant was convicted by a jury on both counts on February 6, 2014. (*Id.*). Defendant is presently scheduled to be sentenced in that case designated as case number 5:11-cr-00602, on November 20, 2014, before the Honorable Glenn T. Suddaby, United States District Judge for the Northern District of New York.

### *This Criminal Proceeding*

In the present matter, the Government claims that while housed at the Cayuga Correctional Facility, Defendant had multiple telephone conversations with his mother and father that were audio-recorded. (*Id.* at 3). Based on these audio-recordings, a federal grand jury issued a subpoena for Defendant's financial records. (*Id.*).

On January 31, 2014, a criminal complaint was filed charging Defendant with perjury, in violation of 18 U.S.C. § 1621(2), based on the answers Defendant had written on the CJA 23 Form. (Dkt. 1).

On March 5, 2014, a federal grand jury returned a one-count indictment charging Defendant with perjury. (Dkt. 2). The indictment alleges as follows:

> On or about October 4, 2011, in Onondaga County in the Northern District of New York, the defendant, JOSEPH JENKINS, in a statement made under penalty of perjury as permitted under section 1746 of Title 28, United States Code, willfully subscribed as true a material matter which he did not believe to be true, that is the defendant completed a Criminal Justice Act

Form 23 – Financial Affidavit and signed form under penalty of perjury knowing that it was false because, as Jenkins well knew, he had substantially more assets than Jenkins declared on the form, and Jenkins submitted such form to the United States District Court for the Northern District of New York in order to obtain court-appointed counsel, in violation of Title 18, United States Code, Section 1621(2).

(*Id.*).

Presently before the Court is Defendant's pretrial motion for an Order withdrawing or striking certain assignments from the indictment pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure. (Dkt. 15-1 at 2). Defendant argues that the questions on the CJA 23 Form are "fundamentally ambiguous," and therefore Defendant did not commit perjury by omitting certain cash and properties from the CJA 23 Form. (*Id.* at 3).

Because the indictment in the instant matter does not contain specific assignments as to representations Defendant did or did not make, there is nothing for the Court to withdraw or strike, and Defendant's motion is denied. In addition, as discussed further below, the questions on the CJA 23 Form are not "fundamentally ambiguous" as a matter of law. Defendant's claims of ambiguity must be resolved by a jury.

## DISCUSSION

Here, Defendant is charged with perjury in violation of 18 U.S.C. § 1621(2), which provides as follows:

> Whoever . . . in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true . . . is guilty of perjury. . . .

18 U.S.C. § 1621(2). A person commits perjury under this statute "'if she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory.'" *United States v. Friedman*, 998 F.2d 53, 58 (2d Cir. 1993) (quoting *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)).

Here, the indictment alleges that Defendant violated this provision by making false statements under penalty of perjury on the CJA 23 Form in order to obtain court-appointed counsel when, in fact, Defendant knew that the statements were false and that "he had substantially more assets" than he declared on the form. (Dkt. 2). In his motion papers, Defendant contends that certain questions on the CJA 23 Form are "fundamentally ambiguous." (Dkt. 15-1 at 3). Specifically, Defendant seeks to "withdraw perjury assignments" as they relate to:

1. The failure to disclose a 2008 All-Terrain Vehicle ("ATV"), a 2000 Yamaha 9 foot boat, and a 1998 Bombardier 17 foot boat;

2. The failure to disclose the existence of a retirement account; and,

3. The failure to disclose the existence of a business account in the name of Jenkins Electric.

(*Id.* at 6). In other words, Defendant is not seeking to strike questions contained on the CJA 23 Form, but rather he is seeking to "strike Jenkins's responses to those questions from the indictment." (*Id.* at 2).

### A.      Defendant's motion to strike is denied because there are no specific assignments contained in the indictment.

Federal Rule of Criminal Procedure 12(b)(2) states: "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). "The general issue in a criminal trial is, of course, whether the defendant is guilty of the offense charged." *United States v. Doe*, 63 F.3d 121, 125 (2d Cir. 1995).

Here, Defendant does not move to dismiss the entire indictment. Instead, he contends that he is moving to strike specific assignments. Defendant does not appear to be moving to strike all of the alleged omissions relied upon by the Government in support of the perjury charge, such as Defendant's alleged failure to disclose a money market account with a balance of $37,612 at the time of Defendant's initial appearance. (Dkt. 1 at ¶ 11). Instead, Defendant's motion appears to be limited to striking his answers to the questions on the CJA 23 Form to the extent those answers did not disclose the existence of a retirement account, a business bank account, two boats, and an ATV. (Dkt. 15-1 at 6).

However, the indictment does not set forth the alleged answers provided by Defendant. In other words, the alleged assignments that Defendant seeks to strike are not contained in the indictment. Indeed, Defendant acknowledges that the indictment itself "does not specify the perjurious statements." (*Id.* at 3). Nonetheless, relying on the underlying criminal complaint, Defendant argues that it "suggests that the government is

alleging the defendant falsely asserted the amount of cash and property he possessed." (*Id.*).

Although the criminal complaint may provide insight as to arguments the Government will ultimately raise at trial, any consideration of the proof to be introduced by the Government at trial would be premature at this juncture. *See United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) ("To the extent that the district court looked beyond the face of the indictment and drew inferences as to the proof that would be introduced by the Government at trial . . . we hold that in the circumstances presented, such an inquiry into the sufficiency of the evidence was premature."); *see also United States v. Subeh*, No. 04-CR-6077 CJS, 2006 WL 3407891, at *3 (W.D.N.Y. Nov. 27, 2006) ("While legal issues can be resolved by the court, fact questions raised by an Indictment are the province of the jury.").

A defendant may file a motion to strike assignments where an indictment contains specific assignments of perjury. *See United States v. Carey*, 152 F. Supp. 2d 415, 425 (S.D.N.Y. 2001) (striking specifications from the indictment that contained hypothetical questions that could not support a charge of perjury because the responses were also hypothetical); *see also United States v. Goldstein*, 168 F.2d 666, 671 (2d Cir. 1948) (noting four assignments of perjury were included in one count of the indictment); *United States v. Mascuch*, 111 F.2d 602, 603 (2d Cir. 1940) (denying appeal where appellant failed to ask the trial court to withdraw from the jury a specific assignment of perjury where each count of the indictment contained several assignments of perjury). Here, the indictment does not contain specific assignments.

Moreover, Defendant has not suggested that the indictment needed to include specific assignments in order to assert a perjury charge. In fact, specific allegations of the alleged false statements are not required. Under Federal Rule of Criminal Procedure 7(c)(1), "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. LaSpina*, 299 F.3d 165, 177 (2d Cir. 2002) (quotations and citations omitted). *See also Sharron v. United States*, 11 F.2d 689, 690 (1926) (common law rule required allegations as part of the "assignment of perjury" that the accused knowingly made a false statement and also what the truth was, but that is no longer required); *United States v. Freed*, 179 F. 236, 238 (C.C.S.D.N.Y. 1910) (sufficient for indictment of perjury to allege that defendant's testimony was false and he believed it to be false, without alleging actual facts).

As a result, the Court has no specific assignments before it to withdraw or strike and Defendant's motion must be denied.

**B.** **The questions on the CJA 23 Form are not "fundamentally ambiguous" as a matter of law, and instead Defendant's defense addressed to the alleged vagueness of the questions must be resolved by a jury.**

Even if the indictment set forth Defendant's answers to the CJA 23 Form, the Court would not be able to determine as a matter of law that the questions on the CJA 23 Form are "fundamentally ambiguous." Rather, that issue must be resolved by a jury.

Defendant contends that the questions asked of him in the "CASH" and "PROPERTY" sections of the CJA 23 Form are so vague as to render the questions

fundamentally ambiguous. (Dkt. 15-1 at 4). The question in the "CASH" section asks: "Have you any cash on hand or money in savings or checking account" to which Defendant allegedly responded "Yes" and stated "$10,000" in response to the question asking for the "total amount". (Dkt. 15-2 at 1).

The question in the "PROPERTY" section asks: "Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?" to which Defendant allegedly responded "Yes" and stated "8,000" and "2003 Dodge Ram" when asked to give the value and describe it. (*Id.*).

Defendant contends that his alleged failure to identify two boats and an ATV in response to the "PROPERTY" section, and his alleged failure to identify a retirement account and business bank account in response to the "CASH" section, cannot support a perjury charge because the questions were fundamentally ambiguous. (Dkt. 15-1 at 4).

In support of his arguments concerning the alleged fundamental ambiguity of the "PROPERTY" section of the form, Defendant contends that the phrase "or other valuable property" is fundamentally ambiguous. (*Id.*). Similarly, Defendant contends that the ATV and boats would not fall within the definition of "automobiles." (*Id.*).

In support of his arguments concerning the alleged fundamental ambiguity of the "CASH" section of the form, Defendant contends that his alleged failure to disclose a retirement account and a business bank account cannot support a perjury charge since the "CASH" section of the CJA form did not request information concerning retirement or business accounts. (*Id.* at 6).

Normally a jury considering a perjury charge must resolve whether the defendant understood the question posed so as to render the answer true or false. However, where a question is considered fundamentally ambiguous, "'the answers associated with the questions posed may be insufficient as a matter of law to support the perjury conviction.'" *United States v. Cicalese*, 863 F. Supp. 2d 231, 234 (E.D.N.Y. 2012) (quoting *United States v. Lighte*, 782 F.2d 367, 375 (2d Cir. 1986)). A question is considered "fundamentally ambiguous" when "it 'is not a phrase with a meaning about which men of ordinary intellect could agree, nor one which could be used with mutual understanding by a questioner and answerer unless it were defined at the time it were sought and offered as testimony.'" *Id.* (quoting *United States v. Lattimore*, 127 F. Supp. 405, 410 (D.D.C.), *aff'd*, 232 F.2d 334 (D.C.Cir. 1955) (holding that defendant's answer as to whether he was a "follower of the Communist line" could not support a perjury conviction)).

The doctrine of "fundamental ambiguity" has limited applicability as it is not enough that the question be ambiguous – it must be "fundamentally" ambiguous "because virtually any question may be deemed ambiguous if one employs an adequately sophisticated analysis." *Carey*, 152 F. Supp. 2d at 427. Indeed, where there is an argument that the question is ambiguous, but it is not fundamentally ambiguous, a jury must resolve that issue as to the defendant's understanding of the question. In other words, "'[i]n a prosecution for perjury or false representation, absent fundamental ambiguity . . . the question of what a defendant meant when he made his representation will normally be for the jury.'" *Lighte*, 782 F.2d at 375 (quoting *United States v. Diogo*,

320 F.2d 898, 907 (2d Cir. 1963)). *See also United States v. Bonacorsa*, 528 F.2d 1218, 1221 (2d Cir. 1976) ("Absent fundamental ambiguity or impreciseness in the questioning, the meaning and truthfulness of appellant's answer was for the jury.").

In fact, even where there is ambiguity in the question, "[a] defendant may still be guilty of perjury or making false statements where his answer to an ambiguous question is false under any reasonable interpretation." *Carey*, 152 F. Supp. 2d at 427 (citing *Diogo*, 320 F.2d at 907). Moreover, the questions at issue cannot be viewed in isolation, but rather must be considered in the context in which they were asked. *Bonacorsa*, 528 F.2d at 1221 ("A defense to a charge of perjury may not be established by isolating a statement from context, giving it in this manner a meaning entirely different from that which it has when the testimony is considered as a whole."). In other words, "because the words used in the question have different meanings in different situations does not make them fundamentally ambiguous." *Lighte*, 782 F.2d at 375.

Here, the questions were posed as part of a form entitled "Financial Affidavit" with the clear intent printed on the form as "in support of request for attorney, expert or other court services without payment of fee." (Dkt. 15-2). The CJA 23 Form contains various questions under "Answers to Questions Regarding Ability to Pay" and divides those questions into two sections – "ASSETS" and "OBLIGATIONS & DEBTS." In the "ASSETS" section, Defendant indicates his employer as himself, which he identifies as "Joseph Jenkins, d/b/a Jenkins Electric." Defendant is then requested in that section to identify "OTHER INCOME", "CASH," and "PROPERTY," to which he allegedly

responds by limiting his disclosures to a $10,000 checking account and a 2003 Dodge Ram valued at $8,000. (*Id.*).

Under the circumstances, the context of the questions was plainly seeking the identity of Defendant's "assets" on a "financial affidavit" so that a determination could be made about Defendant's "ability to pay" or whether he should be appointed counsel "without payment of fee." (*Id.*). Whether Defendant reasonably understood the question concerning "CASH" as seeking information concerning retirement and business accounts is an issue that cannot be resolved by the Court as a matter of law. Rather, a jury must evaluate Defendant's arguments about the ambiguity of these questions.

Similarly, whether Defendant reasonably understood the question concerning "PROPERTY" as seeking information concerning boats and an ATV is again an issue that is best left to the jury to resolve. While Defendant contends that the term "other valuable property" is vague, that term cannot be viewed in isolation and must be evaluated in the context in which it was asked – specifically, under the "PROPERTY" section of the CJA 23 Form that was also seeking information on "automobiles." The question is not fundamentally ambiguous, but rather any alleged ambiguity with respect to the question must be resolved by a jury.

## CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion to withdraw or strike certain assignments from the indictment.

SO ORDERED.

_____
ELIZABETH A. WOLFORD[*]
United States District Judge

Dated: November 4, 2014
       Rochester, New York

---

[*] The Honorable Elizabeth A. Wolford, United States District Judge for the Western District of New York, has been designated to sit on this case by Order of the United States Court of Appeals for the Second Circuit. (Dkt. 20).

- 12 -