IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK


******************************************

UNITED STATES OF AMERICA,

                                         Criminal Number

       v.                               14-CR-088 (EAW)

JOSEPH JENKINS,

                           Defendant.

******************************************

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR SUBSTITUTION OF COUNSEL


Defendant Joseph Jenkins stands charged by Indictment with one count of Perjury in violation of Title 18, United States Code, Section 1621(2).   On November 5, 2014, the defendant filed a motion titled "motion for court retained, private council, competent, unbias to complete sentencing, file injunction, address appellate issues."   The motion was filed and received in the instant matter and in Criminal Case 11-CR-602, a matter pending sentencing before the Honorable Glenn T. Suddaby.   In the motion, the defendant seeks the appointment of counsel of his choosing, namely, Braufman & Associates, P.C., Attorneys at Law, 767 Third Avenue, 26th Floor, New York, New York 10017.   *See* Def. Mot., Dkt. 26, page 3 of 15.   (The name of the firm is Brafman & Associates, P.C., not Braufman & Associates, P.C.)   The defendant also seeks the removal of the Office of the Federal Public Defender (OFPD).   *See* Def. Mot., Dkt. 26, page 2 of 15.

The government does not oppose the defendant's request for removal of the OFPD in this matter.   It appears that there is good cause shown from the November 4, 2014, letter of Randi J. Bianco.   *See* Letter Request of Randi Bianco, Dkt. 24.   Moreover, the request is being made

well in advance of the trial.  The government does object to the appointment of Brafman & Associates, P.C., the attorney the defendant now demands the court order to represent him.

A defendant in a federal court is, of course, entitled under the Sixth Amendment to the assistance of counsel for his defense, *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), and where he is able to obtain counsel for himself he must be given a reasonable time and a fair opportunity to secure counsel of his own choosing. *Crooker v. California*, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448 (1958); *Chandler v. Fretag*, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954).   An accused's right to select his own counsel, however, cannot be insisted upon or manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice. *United States v. Terranova*, 309 F.2d 365 (2d Cir. 1962); *United States v. Arlen*, 252 F.2d 491 (2d Cir. 1958); *United States v. Paccione*, 224 F.2d 801 (2d Cir.), cert. denied, 350 U.S. 896, 76 S.Ct. 155, 100 L.Ed. 788 (1955); *United States v. Mitchell*, 138 F.2d 831 (2d Cir. 1943), cert. Denied, 321 U.S. 794, 64 S.Ct. 785, 88 L.Ed. 1083 (1944).   The right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, and the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers. *See Morris v. Slappy,* 461 U.S. 1, 13–14, 103 S.Ct. 1610, 1617–1618, 75 L.Ed.2d 610 (1983); *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

The defendant's right to choose his or her own lawyer is not absolute, nor is the defendant's right to choose substitution of counsel absolute.  *See United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994) A trial court may require a defendant to proceed to trial with counsel not of defendant's choosing.  *See United States v. Culbertson,* 670 F.3d 183, 193 (2d. Cir. 1996)  In this matter, the defendant seeks the substitution of assigned counsel with counsel

of his choosing noting that he objects to the appointment of the Court's CJA panel of attorneys as they "are not qualified or are easily corrupted by corrupt judges in the NDNY." *See* Def. Mot., Dkt. 26, page 2 of 15. First, the record does not establish that this particular firm is willing to represent the defendant. Second, the firm is not on the Court's CJA panel of approved attorneys. Even if they were, and even if the firm indicated its willingness to accept the appointment, the defendant does not have the right to fire yet another court-appointed attorney in favor of a specific lawyer of his choosing.

The defendant was provided with representation by the Office of the Federal Public Defender "in the interest of justice" without having established that he was eligible for the assignment of counsel. When the matter was indicted, the defendant was represented by Aaron Goldsmith. *See* Dkt. Text Entry dated February 6, 2014. On March 31, 2014, attorney Aaron Goldsmith filed a motion to withdraw as attorney. Def. Mot., Dkt. 5. At a hearing on the matter, on April 1, 2014, the defendant indicated that he wished to proceed *pro se*. The court adjourned the matter to May 5, 2014, to allow the defendant the opportunity to discuss the matter with Attorney Goldsmith or retain substitute counsel. Dkt. Text Entry dated April 1, 2014. On May 5, 2014, the defendant appeared before Judge Peebles without counsel, having not hired an attorney, and stating on the record that he did not oppose Attorney's Goldsmith's motion to withdraw as counsel. The defendant stated that he had taken no action to obtain counsel and that he had no plan to do so. The court adjourned the matter, again, to give the defendant a further opportunity to decide to appear *pro se* or retain counsel. Dkt. Text Entry dated May 1, 2014.

On May 19, 2014, the court appointed the OFPD for the limited purpose of assisting the defendant with the completion of the financial affidavit to determine if he would qualify for

assigned counsel or determine whether he intends to proceed *pro se*.   Dkt. Text Entry dated May 19, 2014. The matter was rescheduled to May 30, 2014.   On May 30, 2014, Judge Peebles appointed the OFPD as counsel "in the interest of justice" and did not require the defendant to complete the Financial Affidavit establishing his eligibility for assigned counsel.   Dkt. Text Entry dated May 30, 2014, Dkt. 11.

The burden to demonstrate eligibility for assigned counsel is on the defendant. *United States v. Peister*, 631 F.2d 658, 662 (10th Cir.1980), cert. denied, 449 U.S. 1126, 101 S.Ct. 945, 67 L.Ed.2d 113 (1981).   Judge Peebles assigned the OFPD to represent the defendant having never required the defendant to establish his eligibility for assigned counsel.   Now, the defendant seeks to fire the assigned counsel he was never found eligible for, in favor of an attorney of his choosing.   When entertaining the defendant's motion, the Court should consider, as a starting point, whether the defendant has established that he is eligible for assigned counsel, and then determine whether he has the right to the substitution of counsel.   If the court determines the defendant is eligible for assigned counsel, the government does not object to the removal of the OFPD and assignment of the case to an attorney presently on the Court's CJA panel.

Dated:  November 12, 2014                              Respectfully submitted,

                                                                      RICHARD S. HARTUNIAN
                                                                      UNITED STATES ATTORNEY

                                                   By:      /s/
                                                            Tamara B. Thomson
                                                            Assistant U. S. Attorney
                                                            Bar Roll Number: 515310

                                                   By:      /s/
                                                            Gwendolyn Carroll
                                                            Assistant U.S. Attorney
                                                            Bar Roll Number: 515777

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*****************************************

UNITED STATES OF AMERICA,

                             Criminal Number

          v.                       14-CR-088 (EAW)

JOSEPH JENKINS,

                       Defendant.

*****************************************

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2014, I electronically filed the **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION** with the Clerk of the District Court using the CM/ECF system.

/s/
Tamara B. Thomson, Esq.