UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.

JOSEPH JENKINS,

           Defendant.
_____

**DECISION AND ORDER**

14-CR-0088 EAW

## BACKGROUND

Defendant Joseph Jenkins ("Defendant") is charged in a single-count indictment with perjury in violation of 18 U.S.C. § 1621(2). (Dkt. 2). The matter arises from a Criminal Justice Act Form 23, Financial Affidavit ("CJA Form 23") allegedly completed by Defendant in connection with a separate criminal proceeding.

### *The Separate Criminal Proceeding*

On September 12, 2011, the Honorable Andrew T. Baxter, United States Magistrate Judge for the Northern District of New York, signed an arrest warrant in connection with a criminal complaint charging Defendant with one count of transporting child pornography, and one count of possessing child pornography. (Dkt. 23 at 1). On October 4, 2011, Defendant was arrested and brought before Magistrate Judge Baxter for an initial appearance on the criminal complaint. (*Id.*). At that time, Defendant allegedly completed a CJA Form 23 in support of his request for assigned counsel. (Dkt. 15-2). On that form, Defendant allegedly certified under penalty of perjury that the information he provided was true and correct. (*Id.*). Defendant allegedly claimed to be self-

- 1 -

employed making $25,000 per year, with no other income sources. (*Id.*). Defendant also allegedly indicated that he had $10,000 in a checking account and that his only property asset was a 2003 Dodge Ram valued at $8,000. (*Id.*).

Magistrate Judge Baxter determined that Defendant was eligible for assigned counsel. (*Id.*). On December 21, 2011, a federal grand jury indicted Defendant on the pornography charges. (Dkt. 23 at 2). Defendant was convicted by a jury on both counts on February 6, 2014. (*Id.*). Defendant was sentenced on November 18, 2014, by the Honorable Glenn T. Suddaby, United States District Judge for the Northern District of New York. On that date, Defendant also filed his notice of appeal to the Second Circuit Court of Appeals.

## *This Criminal Proceeding*

In the present matter, the Government claims that while housed at the Cayuga Correctional Facility, Defendant had multiple telephone conversations with his mother and father that were audio-recorded. (Dkt. 15-2 at 3). Based on these audio-recordings, a federal grand jury issued a subpoena for Defendant's financial records. (*Id.*).

On January 31, 2014, a criminal complaint was filed charging Defendant with perjury, in violation of 18 U.S.C. § 1621(2), based on the answers Defendant had written on the CJA Form 23. (Dkt. 1).

On March 5, 2014, a federal grand jury returned a one-count indictment charging Defendant with perjury. (Dkt. 2). The indictment alleges as follows:

> On or about October 4, 2011, in Onondaga County in the Northern District of New York, the defendant, JOSEPH JENKINS, in a statement made under penalty of perjury as permitted under section 1746 of Title 28, United

States Code, willfully subscribed as true a material matter which he did not believe to be true, that is the defendant completed a Criminal Justice Act Form 23 – Financial Affidavit and signed such form under penalty of perjury knowing that it was false because, as Jenkins well knew, he had substantially more assets than Jenkins declared on the form, and Jenkins submitted such form to the United States District Court for the Northern District of New York in order to obtain court-appointed counsel, in violation of Title 18, United States Code, Section 1621(2).

(*Id.*).

At a hearing before the undersigned on December 15, 2014, Defendant elected to proceed *pro se* in a knowing, intelligent, and voluntary manner, and was appointed standby counsel for purposes of answering questions at trial. (Dkt. 30).

A jury trial is scheduled to commence March 30, 2015. (Dkt. 31). Presently before the Court is Defendant's motion to suppress evidence and dismiss the indictment. (Dkt. 40). Specifically, Defendant seeks: (1) suppression of jailhouse telephone recordings, the CJA form, his financial information, and other evidence as "fruit of the poisonous tree"; (2) suppression of his financial records as a result of an alleged violation of the Right to Financial Privacy Act; and (3) various civil relief and dismissal of the indictment as a result of alleged civil violations. (Dkt. 40). As stated on the record at the pretrial conference on March 9, 2015, Defendant's motion is denied.

## DISCUSSION

### *Fruit of the Poisonous Tree*

Defendant argues that the evidence relevant to the trial of the above-captioned matter, including jailhouse telephone recordings, the CJA Form 23, and his financial information, were only obtained because of his separate criminal proceeding pertaining to

the child pornography charges, and because he claims that those charges were unlawful, Defendant now argues that this evidence must be suppressed in the instant action as "fruit of the poisonous tree."[1] (Dkt. 40 at 5).

Defendant's challenges to the separate criminal proceeding are best reserved for the Second Circuit Court of Appeals. Even if there was an error in the underlying criminal prosecution during which the alleged perjury was committed, "constitutional deficiencies in the underlying proceeding do not prevent prosecution for perjury." *Wheel v. Robinson*, 34 F.3d 60, 67 (2d Cir. 1994). Perjury is a separate action that arises independent of any underlying proceeding. Problems or irregularities with the underlying proceeding do not vitiate the basis for a perjury charge.

There is "no authority to support the defendant's argument that perjury committed in a trial under a bad indictment cannot be prosecuted." *United States v. Remington*, 208 F.2d 567, 569 (2d Cir. 1953). "Indeed, it has long been established that an acquittal of the defendant in a trial where false testimony was given does not bar a prosecution for perjury." *United States v. Manfredonia*, 414 F.2d 760, 764-65 (2d Cir. 1969).

Among other things, the reasoning behind this principle is that a defendant does not have the right to defend against a flawed prosecution by committing perjury. The alleged perjury, even where the underlying proceeding was improper, can serve as the basis for a separate criminal prosecution. *See United States v. Olivieri*, 740 F. Supp. 2d

---

[1] "It is well-settled that evidence obtained pursuant to an unlawful seizure or search must be suppressed as the fruit of the poisonous tree. This doctrine precludes the admission of primary, secondary or derivative evidence." *United States v. Valentine*, 591 F. Supp. 2d 238, 242 (E.D.N.Y. 2008) (citing *Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963)).

423, 424-25 (S.D.N.Y. 2010) ("[E]ven if an individual's perjured testimony is improperly procured because of government misconduct, that testimony may still be used to prosecute that defendant for perjury.") (collecting cases); *see also United States v. Awadallah*, 349 F.3d 42, 73-75 (2d Cir. 2003) (collecting cases).

Accordingly, to the extent Defendant relies upon a "fruit of the poisonous tree" argument, Defendant's motion to suppress is denied.

### *Financial Records – Right to Financial Privacy Act*

Defendant requests that any financial or bank records be suppressed, stating that the Government has violated the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 *et seq.* ("RFPA"). (Dkt. 40 at 5).

Here, Defendant's financial records were produced in response to grand jury subpoenas. "Before the grand jury, prosecutors have wide latitude to compel testimony and obtain documentary evidence without the restrictions imposed by the Federal Rules of Evidence and out of the presence of defendant and her counsel." *United States v. Tucker*, 249 F.R.D. 58, 60 (S.D.N.Y. 2008). "Unlike the prosecution, the defendant has little or no access to grand jury proceedings. A defendant may not even be aware of a grand jury investigation until it is complete." *Id.*

The RFPA does not limit a Government's ability to issue grand jury subpoenas for financial records and then use the records produced in response to a grand jury subpoena in a subsequent criminal prosecution pursuant to an indictment returned by the grand jury. *See* 12 U.S.C. §§ 3413(i), 3420(a)(2).

Further, any remedy for a violation of the RFPA is limited by the express terms of the statute to include monetary damages and costs, not suppression of evidence in a criminal prosecution. 12 U.S.C. § 3417(d); *see also United States v. Daccarett*, 6 F.3d 37, 52 (2d Cir. 1992), *superseded by statute on other grounds*, 18 U.S.C. § 983(c)(3), *as recognized in United States v. $185,336.07 of U.S. Currency*, 731 F.3d 189 (2d Cir. 2013) ("Because the RFPA states that civil penalties are 'the only authorized' remedy for its violation, it would be inappropriate for the courts to imply a suppression remedy as well."); *Botero-Zea v. United States*, 915 F. Supp. 614, 620-21 (S.D.N.Y. 1996) (collecting cases). In other words, the RFPA does not create a constitutional right of privacy with respect to financial records. As a result, Defendant's request to suppress evidence of his financial records due to an alleged violation of the RFPA is denied.

### *Request for Civil Relief*

Defendant also seeks "civil relief" pursuant to "Fed. R. Civ. P. Rule 60(b)(d) and/or 42 U.S.C.S. §§ 1983, 1985," arguing that he has been subject to such injuries as "police and prosecutorial misconduct such as wrongful arrest made in bad faith, improper searches and seizures performed in bad faith or an unreasonable manner, bad faith exercise of prosecutorial discretion in investigation and prosecution, invasion of privacy and extradition proceedings." (Dkt. 40 at 6). Defendant's request for "civil relief" as part of this criminal proceeding is not proper, and as a result, his request is denied without prejudice to any subsequent civil action that Defendant may attempt to pursue.

## CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion to suppress evidence and dismiss the indictment. (Dkt. 40).

SO ORDERED.

_____
ELIZABETH A. WOLFORD[*]
United States District Judge

Dated:  March 12, 2015
        Rochester, New York

---

[*]     The Honorable Elizabeth A. Wolford, United States District Judge for the Western District of New York, has been designated to sit on this case by Order of the United States Court of Appeals for the Second Circuit. (Dkt. 20).